UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE JARVIS AUSTIN,

    Plaintiff,

v.

LINDA ZHANG, et al.,

    Defendants.

Case No. 20-cv-05445-RS

**ORDER GRANTING MOTION TO DISMISS**

**I. INTRODUCTION**

    George Austin, a pro se plaintiff, brought suit against Bank of America, N.A. ("BANA") and other defendants. BANA brings a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Austin has failed to state any claim upon which relief could be granted against BANA. Dkt. 73. Austin was given an extension to oppose BANA's motion, Dkt. 79, but failed to file any response or opposition. As it is unclear how BANA is involved in the conduct Austin describes as the basis for his complaint, and he has failed to plead facts to establish any of the three causes of action—negligence, fraud, and defamation—his complaint can be construed as raising, the motion to dismiss is granted. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for February 10, 2022 is vacated.

## II. BACKGROUND[1]

From April 2020 to August 2020, Austin rented a room at a home in Fremont, California using the Airbnb platform. First Amended Complaint ("FAC"), Dkt. 52, at pgs. 4, 9. One day in July 2020, after Austin had been renting the room for several months, a TV crew filmed him departing the home and told him that the woman who was renting the room to Austin, Linda Zhang, was not the owner of the home and was illegally renting rooms on the AirBnB platform. *Id.* at pg. 5. Zhang tried to evict him from the home and call the police, but Austin remained in the room before later moving out. *Id.* at pgs. 6, 10. Austin filed this suit in August 2020, and filed the FAC in November 2021. He named as defendants AirBnb, Linda Zhang, Avinash Jha, BANA, and Green Dot Bank.

BANA is referenced three times in the FAC. First Austin avers "It is unclear whether two of my Banks (Bank of America, or Green Dot), the intermediary (AirBnB), or ultimate recipient account holder (professed landlord) are being untruthful (but all can't be simultaneously true)." FAC at pg. 7. Second, Austin includes BANA in a sentence averring negligence: "Defendants AirBnb, Linda Zhang, Avinash Jha, as well as Bank of America, and Green Dot Bank were negligent in their duties toward Plaintiff." FAC at pg. 29. Third, Austin references BANA in a sentence about defamation and fraud: "Green Dot and Bank of America committed fraud either by not recognizing Plaintiff as payee to whose-ever account was registered under Linda via AirBnb as Defendants acted like, and made defamatory claims that he didn't pay (when he did)." FAC at pg. 37.

## III. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient

---

[1] As the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party[,]" *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), the facts in this section are drawn from Austin's First Amended Complaint.

factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. DISCUSSION

Austin's operative complaint is difficult to decipher, and BANA is only referenced three times in the complaint. Indeed, the complaint does not appear to state any specific facts that relate to BANA. At most, the complaint can be read to aver three different causes of actions against BANA: negligence, fraud, and defamation. Each of these causes of actions is evaluated separately.

First, Austin has failed to state a claim for negligence against BANA. Negligence requires showing "(a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as the proximate or legal cause of the resulting injury." *Jackson v. Ryder Truck Rental, Inc.*, 16 Cal. App. 4th 1830, 1837 (1993) (citation and emphasis omitted). Austin's FAC merely states that BANA and the other defendants "were negligent in their duties toward Plaintiff." FAC at pg. 29. Austin pleads no facts to establish in what ways BANA was negligent, whether BANA had a legal duty, how BANA breached a duty, or how BANA's actions resulted in injury to Austin. Further, as BANA notes, the relationship between a bank and a customer is usually grounded in contract law, not tort law. *See Kurtz-Ahlers, LLC v. Bank of Am., N.A.*, 48 Cal. App. 5th 952, 956 (2020). In sum, there are no facts alleged to support a negligence claim against BANA.

Second, Austin has failed to state a claim for fraud. "Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity,

intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal quotation marks and citation omitted). Additionally, Federal Rule of Civil Procedure 9(b) requires that when a party alleges fraud, "a party must state with particularity the circumstances constituting fraud[.]" Austin's averment that BANA committed fraud "by not recognizing Plaintiff as payee" fails to plead adequately a claim for fraud. Austin does not specify any false representation, who from BANA made such a false representation, when such a statement occurred, how he changed position in reliance on the statement, or how reliance on the statement caused him damages. As such, he has failed to state a claim upon which relief can be granted under Rule 12(b), and has failed to plead fraud with particularity under Rule 9(b).

Third, Austin has failed to state a claim for defamation. "The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Wong v. Jing*, 189 Cal. App. 4th 1354, 1369 (2010). Austin avers BANA "made defamatory claims that he didn't pay[.]" FAC at pg. 37. Among other issues, Austin has failed to plead facts to establish that BANA published any statement, or how such a statement caused Austin harm. Austin has therefore failed to plead a claim for defamation against BANA.

## V. CONCLUSION

For all the foregoing reasons, BANA's motion to dismiss Austin's suit as to the claims against BANA is granted. Although it is unclear whether the deficiencies in the complaint can be cured, Austin is granted leave to amend at this time. Should Austin wish to amend his complaint as to his claims against BANA, the amended complaint must be filed by February 15, 2022.

**IT IS SO ORDERED**.

Dated: February 1, 2022

_____
RICHARD SEEBORG
Chief United States District Judge