1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT

8          NORTHERN DISTRICT OF CALIFORNIA

9

10   GEORGE JARVIS AUSTIN,                    Case No. 20-cv-05445-RS

                 Plaintiff,

11

         v.                                   ORDER GRANTING MOTIONS TO
12                                            DISMISS, GRANTING MOTION TO
     LINDA ZHANG, et al.,                     COMPEL ARBITRATION, AND
13                                            DENYING PLAINTIFF'S MOTIONS
                 Defendants.
14

15

16                              **I. Introduction**

17          George Austin, a pro se plaintiff, brought suit against Bank of America, N.A. ("BANA"),

18   Green Dot Bank ("Green Dot"), Airbnb, and other defendants. BANA previously moved to

19   dismiss, and the motion was granted with leave to amend. After Austin filed a Second Amended

20   Complaint ("SAC"), Bank of America and Green Dot each brought motions to dismiss pursuant to

21   Federal Rule of Civil Procedure 12(b)(6). Airbnb brings a motion to compel arbitration. Austin

22   also brings various motions. As it is unclear how BANA and Green Dot are involved in the

23   conduct Austin describes as the basis for his complaint and Austin fails to plead facts to establish

24   the causes of action his complaint can be construed as asserting, the motions to dismiss are

25   granted. Austin is granted leave to amend his complaint as to Green Dot, but the claims against

26   BANA are dismissed with prejudice as he was previously given an opportunity to cure the

27   deficiencies in his complaint as to BANA. Further, Airbnb's motion to compel arbitration is

28   granted. Austin's various motions all either lack merit or are moot, and are thus denied.

United States District Court
Northern District of California

## II. Factual and Procedural Background

From April 2020 to August 2020, Austin rented a room at a home in Fremont, California using the Airbnb platform. One day in July 2020, after Austin had been renting the room for several months, a TV crew filmed him departing the home and told him that the woman who was renting the room to Austin, Linda Zhang, was not the owner of the home and was illegally renting rooms on the AirBnB platform. Zhang tried to evict him from the home and call the police, but Austin remained in the room before later moving out. Austin filed this suit in August 2020. He named as defendants AirBnb, Linda Zhang, Avinash Jha, BANA, and Green Dot Bank.

BANA previously moved to dismiss the lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6), and the motion was granted on February 1, 2022. Austin was granted leave to amend, and he filed a Second Amended Complaint ("SAC"). BANA filed another motion to dismiss. Dkt. No. 127. Following service of process issues, attorneys for Green Dot and Airbnb entered appearances. Airbnb filed a motion to compel arbitration, Dkt. No. 153, and Green Dot filed a motion to dismiss, Dkt. No. 168. Since filing his SAC, Austin has also filed various motions, including motions for judgment as a matter of law. *See* Dkt. Nos. 137, 156, 174, 175 (motions for judgement as a matter of law); Dkt. Nos. 107, 126, 139, 175, 187 (various other motions filed by Austin).

## III. Green Dot's and BANA's Motions to Dismiss

### A. Legal Standard

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged" under a

1  cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006,

2  1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a

3  motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in

4  the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.

5  2005).

6  **B. Green Dot's Motion to Dismiss**

7  Austin's operative complaint is difficult to understand, but it appears that his basis for

8  suing Green Dot is that Green Dot did not refund the rent he paid to Airbnb. He asserts claims of

9  discrimination under 42 U.S.C. § 1981 and the Unruh Act, and defamation. Green Dot argues

10  Austin has not stated a claim for any of these causes of action. For the reasons explained below,

11  the motion to dismiss is granted.

12  First, Austin has not stated a claim under 42 U.S.C. § 1981. To state a claim for a violation

13  of this section, a plaintiff must establish three elements: "(1) the plaintiff is a member of a racial

14  minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the

15  discrimination concerns one or more of the activities enumerated in the statute." *Keum v. Virgin

16  Am. Inc.*, 781 F.Supp.2d 944, 954 (N.D. Cal. 2011). Among other problems with Austin's

17  complaint, he has averred no facts to establish that there was intent to discriminate by Green Dot.

18  As other courts in this district have noted, "personal belief of discrimination, without any factual

19  support, is insufficient to satisfy federal pleading standards." *Moralez v. Whole Foods Mkt. Cal.,

20  Inc.*, No. 14-cv-05022-EMC, 2016 U.S. Dist. LEXIS 28057, at *6 (N.D. Cal. Mar. 4, 2016); *see

21  also Williams v. Tobener*, No. C 16-02209 SBA, 2016 U.S. Dist. LEXIS 129931, at *5 (N.D. Cal.

22  Sep. 22, 2016) (noting that a "plaintiff must allege some facts that demonstrate that race was the

23  reason for defendant's actions"). Further, Austin has failed to plead facts which allege that the

24  purported discrimination concerned an activity enumerated in the statutes. The conduct covered by

25  section 1981 "includes the making, performance, modification, and termination of contracts, and

26  the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42

27  U.S.C. § 1981(b). Austin states that he was in a contractual relationship with Green Dot because

28

United States District Court
Northern District of California

he was a customer and states that Green Dot provides a process in which customers may dispute unauthorized charges. The existence of such a process, however, does not alone mean that Green Dot was contractually required to refund Austin, and thus he has failed to allege an activity covered by the statute. For these reasons, Austin has failed to state a claim for violation of 42 U.S.C. § 1981.

Second, Austin has not stated a claim under the Unruh Act. The Unruh Act provides that all people are entitled to "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To state a claim under the Unruh Act, a plaintiff must allege facts to establish the following elements: "(1) that he was denied full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) that his protected characteristic was a motivating factor for this denial; (3) that defendant's denial was the result of its intentional discrimination against plaintiff; and (4) that the defendant's wrongful conduct caused him to suffer injury." *Doe v. United Airlines, Inc.*, No. CV 20-05554-RSWL-AGRx, 2021 U.S. Dist. LEXIS 195707, at *7-8 (C.D. Cal. Apr. 22, 2021). Similar to the claim for discrimination under section 1981, Austin has failed to allege facts to establish that Green Dot intentionally discriminated against him or that his protected characteristic was a motivating factor for the denial of a refund. He has therefore failed to state a claim under the Unruh Act.

Third, Austin has also failed to state a claim for defamation. "The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Wong v. Jing*, 189 Cal. App. 4th 1354, 1369 (2010). Austin has failed to plead that Green Dot published any statement concerning him, and thus he has failed to state a claim for defamation.

As Austin has failed to state any claim against Green Dot, the complaint is dismissed as to Defendant Green Dot. He is granted leave to amend as to Green Dot. Should Austin wish to amend his complaint as to Defendant Green Dot, he must do so within fourteen days of this order.

C. **BANA's Motion to Dismiss**

Austin's prior complaint was dismissed as to Defendant BANA for failure to state a claim for negligence, fraud, or defamation. As with Defendant Green Dot, Austin's claims are difficult to decipher, but he appears to aver claims for discrimination in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Unruh Act, and defamation. For the reasons described below, Austin has failed to state a claim for any of these causes of action, and the motion to dismiss is therefore granted.

First, Austin's claims under 42 U.S.C. § 1981 and the Unruh Act, along with his claim for defamation, fail for the same reasons as his similar claims against Green Dot. For his section 1981 claim, Austin has failed to plead facts which allege intentional discrimination by BANA or that the purported discrimination involved activity protected by the statute. As for the Unruh Act claim, Austin has failed to allege facts to establish that BANA intentionally discriminated against him or that his protected characteristic was a motivating factor for the denial of a refund.

Second, Austin has also failed to state a claim under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a right afforded by the United States Constitution or the laws of the United States was violated, and (2) that the person who committed the alleged violation was acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). Austin has alleged no facts to indicate BANA was acting under the color of state law, and therefore has not—and cannot—state a claim for violation of 42 U.S.C. § 1983 by BANA.

Third, Austin has again failed to state a claim for defamation. This Court has previously dismissed Austin's claim for defamation against BANA. Austin has added no facts to cure the previously-identified deficiencies in this claim. Once again, he fails even to plead facts to establish that BANA published a statement that caused him harm. He has therefore failed to state a claim for defamation.

1    In short, BANA's motion to dismiss is granted. As Austin was previously granted leave to

2    amend as to BANA and has failed to cure any of the deficiencies in his prior complaint, Defendant

3    BANA is dismissed with prejudice.

4                          **IV. Airbnb's Motion to Compel Arbitration**

5        **A.  Legal Standard**

6        The Federal Arbitration Act ("FAA") "provides that any arbitration agreement within its

7    scope 'shall be valid, irrevocable, and enforceable,'" and "permits a party 'aggrieved by the

8    alleged . . . refusal of another to arbitrate' to petition any federal district court for an order

9    compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho*

10   *Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting 9 U.S.C. § 4) (omission in

11   original). The FAA "leaves no place for the exercise of discretion by a district court, but instead

12   mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which

13   an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218

14   (1985). Under the FAA, this Court's role is limited "to determining (1) whether a valid agreement

15   to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."

16   *Chiron Corp.*, 207 F.3d at 1130. If there is a valid arbitration agreement, the FAA directs that "any

17   doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]"

18   *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24-25 (1983) (discussing

19   the FAA).

20       **B.  Discussion**

21       Airbnb's motion to compel arbitration must be granted. First, a valid agreement to arbitrate

22   exists here. Airbnb's Terms of Services contained an arbitration clause. Airbnb has presented

23   evidence that Austin agreed to the Terms of Service on two separate occasions. Other courts have

24   found Airbnb's arbitration clause, as located in the Terms of Service, to be enforceable. *See Selden*

25   *v. Airbnb, Inc.*, 4 F.4th 148, 152 (D.C. Cir. 2021); *Plazza v. Airbnb*, Inc., 289 F. Supp. 3d 537, 552

26   (S.D.N.Y. 2018). Second, the agreement encompasses this dispute. An arbitration agreement may

27   include an agreement to arbitrate the question of arbitrability, *see Rent-A-Center, West. Inc. v.*

28

*United States District Court
Northern District of California*

1    *Jackson*, 561 U.S. 63, 71-74 (2010), and the arbitration clause Austin agreed to contained an

2    agreement to arbitration arbitrability. *See* Declaration of Monique Chauvet in Support of Motion

3    to Compel Arbitration, ¶ 16 ("If there is a dispute about whether this Arbitration Agreement can

4    be enforced or applies to our Dispute, you and Airbnb agree that the arbitrator will decide that

5    issue."). The motion to compel arbitration is therefore granted. Austin's claims against Airbnb are

6    stayed pending resolution of the arbitration proceeding. *See MediVas, LLC v. Marubeni Corp.*,

7    741 F.3d 4, 9 (9th Cir. 2014) (noting a "preference for staying an action pending arbitration rather

8    than dismissing it").

9                                        **V. Austin's Motions**

10       Austin has filed motions for judgment as a matter of law for his claims against Airbnb,

11   Green Dot, and BANA. *See* Dkt. Nos. 137, 156, 174, 175. As described above, the motion to

12   compel arbitration as to the claims against Airbnb is granted, and thus the motion for judgment as

13   a matter of law concerning claims against Airbnb is denied as moot. Similarly, BANA and Green

14   Dot's motions to dismiss are granted, and thus the motions for judgment as a matter of law as to

15   claims against BANA and Green Dot are also denied as moot.

16       Austin has filed a litany of other motions in this case. First, Austin filed a "Motion for

17   Correction" on February 1, 2022 challenging the Clerk's denial of his motion for entry of default.

18   Dkt. No. 107. The motion is denied, as there was no error by the Clerk in denying the motion for

19   entry of default. Similarly, on February 24, 2022 filed a motion for default judgment. Dkt. No.

20   126. As Austin did not receive entry of default by the Clerk, this motion is denied. To the extent

21   Austin challenges the Clerk's denial of entry of default, there was no error by the Clerk.  Austin

22   also filed various motions to change dates of hearings in this case. Dkt. Nos. 139, 187. As all the

23   pending motions were decided without a hearing pursuant to Civil Local Rule 7-1(b), these

24   motions are denied as moot.

25                                        **VI. Conclusion**

26       For all the foregoing reasons, BANA and Green Dot's motions to dismiss are granted.

27   Austin is granted leave to amend as to Green Dot and must file an amended complaint within 14

28

United States District Court
Northern District of California

ORDER
CASE NO. 20-cv-05445-RS

7

days. The claims against BANA are dismissed with prejudice. Airbnb's motion to compel

arbitration is granted, and the claims against Airbnb are therefore stayed. Austin's various motions

are denied.

**IT IS SO ORDERED**.

Dated: May 18, 2022

RICHARD SEEBORG
Chief United States District Judge